

# IN THE
## TENTH COURT OF APPEALS

### No. 10-13-00137-CR

**MARVIN UTLEY,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

From the 12th District Court
Walker County, Texas
Trial Court No. 25,842

## MEMORANDUM OPINION

In two issues, appellant, Marvin Utley, challenges his conviction for burglary of a

habitation with intent to commit a felony, a first-degree felony. *See* TEX. PENAL CODE

ANN. § 30.02(a)(1), (d) (West 2011). We affirm.

### I.   BACKGROUND

Appellant's conviction in this case stems from altercations he had with Cynthia

Dickey, his ex-girlfriend, on or about February 11, 2012. Cynthia testified that appellant

accompanied her, her sister, Ella Mae Dickey, and her sister's boyfriend to The Ballroom

night club in Huntsville, Texas. While there, Cynthia and appellant got into an argument. According to Cynthia, appellant told her twice that she had disrespected him and subsequently hit her in the face and pushed her. Cynthia recounted that she tried to leave the nightclub, but as she was entering the car, appellant tried to pull her out. Eventually, onlookers intervened; appellant left the night club and began walking toward Cynthia's house. As she returned to her house, Cynthia saw appellant walking along the side of the road. After arriving at home, Cynthia called the police. Shortly thereafter, Cynthia testified that she heard breaking glass in her bedroom and discovered that appellant had entered the house while holding a knife in his hands. Cynthia stated that appellant did not have permission to be in her house that night and that appellant chased her around the house while holding the knife with the tip up. As they entered a common area, Cynthia's mother, another resident of the house, jumped on appellant's back to prevent him from attacking Cynthia. At this time, Cynthia opened the front door and found that Officer Keith Saraff of the Huntsville Police Department had responded to the scene. Officer Saraff eventually subdued appellant after having to: (1) use his taser twice; (2) execute pain-compliance moves; and (3) put appellant in a choke hold until he passed out. Officer Saraff testified that a knife was found near the couch where appellant was and that appellant made furtive gestures toward the knife, which required Officer Saraff to employ "extreme measures."

Appellant was charged by indictment with burglary of a habitation with intent to commit a felony—namely, aggravated assault. The indictment also included enhancement paragraphs referencing appellant's felony convictions for possession of a

controlled substance in 1994 and delivery of a controlled substance in 2001. At the conclusion of the evidence, the jury found appellant guilty of the charged offense. After appellant pleaded "true" to the enhancement paragraphs contained in the indictment, the trial court sentenced appellant to thirty years' incarceration in the Institutional Division of the Texas Department of Criminal Justice. Appellant filed motions for new trial and in arrest of judgment, both of which were overruled by operation of law. *See* TEX. R. APP. P. 21.8(a), (c). This appeal followed.

## II. "THE RULE"

In his first issue, appellant argues that the trial court abused its discretion by failing to strike Cynthia's testimony and declare a mistrial because Cynthia violated "the Rule" by telling her sister about questions asked of her at trial.

### A. Motion for Mistrial

We review the denial of a motion for mistrial under an abuse-of-discretion standard. *Archie v. State*, 221 S.W.3d 695, 699-700 (Tex. Crim. App. 2007). Under this standard, we uphold the trial court's ruling as long as the ruling is within the zone of reasonable disagreement. *Id.* "'A mistrial is a device used to halt trial proceedings when error is so prejudicial that expenditure of further time and expense would be wasteful and futile.'" *Wood v. State*, 18 S.W.3d 642, 648 (Tex. Crim. App. 2000) (quoting *Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999)). It is appropriate only for "a narrow class of highly prejudicial and incurable errors." *Id.*; *see Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004). Therefore, a trial court properly exercises its discretion to declare a mistrial when, due to the error, "an impartial verdict cannot be

reached" or a conviction would have to be reversed on appeal due to "an obvious procedural error." *Wood*, 18 S.W.3d at 648; *see Ladd*, 3 S.W.3d at 567.

## B.    Texas Rule of Evidence 614

Texas Rule of Evidence 614, otherwise referred to as "the Rule," provides for the exclusion of witnesses from the courtroom during trial. TEX. R. EVID. 614. The purpose of Rule 614 is to prevent the testimony of one witness from influencing the testimony of another. *Russell v. State*, 155 S.W.3d 176, 179 (Tex. Crim. App. 2005). Once Rule 614 is invoked, witnesses are instructed by the trial court that they cannot converse with one another or with any other person about the case, except by permission from the court, and the trial court must exclude witnesses from the courtroom during the testimony of other witnesses. TEX. R. EVID. 614; *see* TEX. CODE CRIM. PROC. ANN. art. 36.06 (West 2007). If a witness violates Rule 614, the trial court still has discretion to allow the testimony from the witness. *Bell v. State*, 938 S.W.2d 35, 50 (Tex. Crim. App. 1996). In reviewing the trial court's decision to allow testimony, we determine whether the appellant was harmed or prejudiced by the witness's violation. *Id.* Harm is established by showing: (1) that the witness actually conferred with or heard testimony of other witnesses; and (2) that the witness's testimony contradicted the testimony of a witness from the opposing side or corroborated testimony of a witness he or she had conferred with or heard. *Id.*

## C.    Discussion

In the instant case, appellant's private investigator, Martin Jacobson, testified that he observed Cynthia talking on her cell phone just outside the courtroom. Jacobson

described Cynthia as very animated. Cynthia was then called to testify about her actions. Cynthia admitted to calling her sister, Ella Mae Dickey, and telling her about some of the questions that defense counsel asked. Cynthia noted that she was very upset by some of the questions asked of her. Thereafter, appellant moved for a mistrial, which the trial court denied.

On appeal, the parties agree that Cynthia violated "the Rule" by discussing the case with her sister; however, the parties differ on the harm resulting from the violation. Appellant asserts that the trial court should have granted his motion for mistrial because his due-process rights were violated when Cynthia tried to assist and influence her sister in violation of "the Rule."

Based on our review of the record, we cannot say that appellant was harmed by Cynthia's violation of "the Rule." Specifically, Ella Mae Dickey was not included on any witness list, nor did appellant attempt to call her to testify at trial. In fact, defense counsel acknowledged the following while questioning appellant:

| Q [Defense counsel]: | You know that Mr. Jacobson also talked with Ella Mae Dickey? |
|---|---|
| A [Appellant]: | Yes. |
| . . . . | |
| Q: | All right. Strategically, you understand those people are available, we could call them. I do not believe that to be wise right now. Okay. Do you agree with that? |
| A: | I agree. |

Nevertheless, defense counsel represented to the trial court that a subpoena had been issued for Ella Mae Dickey but that he had not served it on her. The record does not contain any such subpoena for Ella Mae Dickey. Instead, the record includes unexecuted subpoenas for only Wesley Jones and Aaron Humphrey.

Because Ella Mae Dickey did not testify, and because the record does not support appellant's assertion that he intended to call Ella Mae Dickey to testify at trial, we fail to see how appellant was harmed by Cynthia's violation of "the Rule." *See Bell*, 938 S.W.2d at 50. More specifically, because Ella Mae Dickey did not testify, appellant has not satisfied the second prong outlined by the *Bell* court—"whether the witness's testimony contradicted testimony of a witness from the opposing side or corroborated testimony of a witness he had conferred with or heard." *Id.* Accordingly, we cannot say that the trial court abused its discretion in failing to exclude Cynthia's testimony or grant appellant's motion for mistrial. *See id.*; *see also Archie*, 221 S.W.3d at 699-700; *Wood*, 18 S.W.3d at 648. As such, we overrule appellant's first issue.

### III. CYNTHIA'S TESTIMONY

In his second issue, appellant contends that the trial court abused its discretion by failing to conclude that Cynthia was an incompetent witness and, in turn, failing to grant his motion for mistrial.

### A. Applicable Law

We review a trial court's competency determination for an abuse of discretion. *Rodriguez v. State*, 772 S.W.2d 167, 170 (Tex. App.—Houston [14th Dist.] 1989, pet. ref'd); *Beavers v. State*, 634 S.W.2d 893, 895 (Tex. App.—Houston [1st Dist.] 1982, pet. ref'd).

Further, in reviewing a trial court's competency ruling, we consider the entire record, including the witness's trial testimony. *See Hernandez v. State*, 643 S.W.2d 397, 400 (Tex. Crim. App. 1982). "The burden of raising and proving incompetency is on the party alleging it, and the showing must be by a preponderance of the evidence." *Beavers*, 634 S.W.2d at 895.

Generally, every person is presumed competent to testify. *See* TEX. R. EVID. 601(a). A person is not competent to testify if, after an examination by the trial court, the person does not appear "to possess sufficient intellect to relate transactions with respect to which [she is] interrogated." *Id.* at R. 601(a)(2). The court will consider whether the witness possesses: (1) the ability to intelligently observe the events in question at the time of the occurrence; (2) the capacity to recollect the events; and (3) the capacity to narrate the events. *Rodriguez*, 772 S.W.2d at 170 (citing *Watson v. State*, 596 S.W.2d 867, 870 (Tex. Crim. App. 1980)). The third element involves the ability to understand the moral responsibility to tell the truth, to understand the questions posed, and to frame intelligent answers. *Id.* (citing *Watson*, 596 S.W.2d at 870).

**B. Discussion**

A review of the record shows that Cynthia possessed the ability to observe the events in question, recall those events, and narrate to the jury her observations. Specifically, on the first day of trial, Cynthia testified about the details of the alleged offense, including where the offense occurred, who committed the offense, where she was before the offense happened, who she was with that evening, where she lived, and evidence collected by officers. Nevertheless, on cross-examination, Cynthia frequently

could not remember many of the specifics referenced by defense counsel. In his brief, appellant lists the numerous questions to which Cynthia responded that she could not remember. And based on this list, appellant asserts that Cynthia was incompetent.

We believe that appellant's list references various inconsistent statements made by Cynthia, which bears upon her credibility as a witness, not her competency. *See Lewis v. State*, 126 S.W.3d 572, 576 (Tex. App.—Texarkana 2004, pet. ref'd) ("Regardless of any inconsistent statements as to the details of the offense, such discrepancies reflect on a witness' credibility, a matter singularly within the purview of the fact-finder."); *see also Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991) (noting that it is within the province of the fact-finder to judge the credibility of the witnesses; the fact-finder is entitled to believe all, some, or none of the testimony provided by the parties). In addition, Cynthia testified that the experience of testifying was "horrible," which implies that she was likely nervous and anxious while testifying. Moreover, appellant did not object to Cynthia's competency as a witness until the second day of her testimony.

In any event, based on our review of the record, we cannot say that the trial court abused its discretion in determining Cynthia to be a competent witness. *See* TEX. R. EVID. 601; *see also Hernandez*, 643 S.W.2d at 400; *Rodriguez*, 772 S.W.3d at 170; *Beavers*, 634 S.W.2d at 895. And as such, we cannot conclude that the trial court abused its discretion by denying appellant's motion for mistrial. *See Archie*, 221 S.W.3d at 699-700; *see also Wood*, 18 S.W.3d at 648. We overrule appellant's second issue.

## IV.  CONCLUSION

Having overruled both of appellant's issues on appeal, we affirm the judgment

of the trial court.



AL SCOGGINS
Justice


Before Chief Justice Gray,
       Justice Davis, and
       Justice Scoggins
Affirmed
Opinion delivered and filed January 9, 2014
Do not publish
[CRPM]